FILED

NOV 23 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD L. McKENZIE,

        Plaintiff - Appellant,

  v.

MAUREEN ROSSI-HILL; et al.,

        Defendants - Appellees.

No. 10-35672

D.C. No. 3:07-cv-01752-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted November 21, 2011[**]

Before:    TASHIMA, BERZON, and TALLMAN, Circuit Judges.

    Oregon state prisoner Richard L. McKenzie appeals pro se from the district

court's summary judgments in his 42 U.S.C. § 1983 action alleging access-to-

courts, due process, and retaliation claims.  We have jurisdiction under 28 U.S.C. §

1291.  We review de novo the district court's grant of summary judgment, *Toguchi*

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and for an abuse of discretion the denial of a motion to compel discovery, *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). We affirm.

The district court properly granted summary judgment on McKenzie's access-to-courts claim because McKenzie failed to identify any actual injury he suffered as a result of prison officials' actions. *See Lewis v. Casey*, 518 U.S. 343, 351-55, (1996) (access-to-courts claim requires plaintiff to show that defendants' conduct caused actual injury to a non-frivolous legal claim concerning his conviction or conditions of confinement).

The district court properly granted summary judgment on McKenzie's due process claim concerning prison disciplinary proceedings because McKenzie received all of the process that was due, and some evidence supported the disciplinary findings. *See Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974); *see also Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

The district court properly granted summary judgment on McKenzie's retaliation claim because McKenzie failed to raise a genuine dispute of material fact as to retaliatory motive. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth the elements of a retaliation claim).

10-35672

The district court did not abuse its discretion by denying McKenzie's motion to compel discovery because McKenzie failed to demonstrate that he suffered any prejudice. *See Hallett*, 296 F.3d at 751 (trial court's broad discretion to deny discovery "will not be disturbed except upon the clearest showing that [the] denial of discovery result[ed] in actual and substantial prejudice to the complaining litigant") (citation and internal quotation marks omitted).

**AFFIRMED.**